■ 61 WEST 62 OWNERS CORP., Respondent, v CGM EMP LLC et al., Appellants, et al., Defendant. [928 NYS2d 861]—

Plaintiff, the owner of a residential cooperative apartment building, brought this private nuisance action against the owners and operators of a rooftop bar on an adjacent building alleging that defendants "play or permit to be played music at extremely loud level." On May 26, 2009, plaintiff moved by show cause order for a preliminary injunction prohibiting the bar's use of the open roof deck as well as the attendant excessive noise. The trial court denied plaintiff's motion on the grounds that, inter alia, plaintiff did not demonstrate a likelihood of success on the merits because "the New York City Department of Environmental Protection [DEP], the agency responsible for enforcing the Noise Control Code, has never issued any violations to [defendants]."

On appeal, this Court reversed and remanded (77 AD3d 330 [2010]). We found that "[i]t is wholly immaterial to maintaining an action for nuisance at common law whether or not DEP, or indeed any municipal authority, has issued noise ordinance violations" (77 AD3d at 334). We further found that the court's failure to enjoin defendants was an abuse of discretion.

Defendants appealed, and the Court of Appeals modified (16 NY3d 822 [2011], *supra*). It found that the failure of any authority to issue a violation of the New York City Noise Control Code does not preclude plaintiff from demonstrating a likelihood of success on the merits (16 NY3d at 823). The Court further found that a provisional remedy is not required as a matter of law and remitted to this Court for the exercise of its discretion (*id.*).

Accordingly, we now find that the facts of this case as detailed in our prior decision (77 AD3d 330 [2010], *supra*) indicate that a preliminary injunction should issue, and we remand to Supreme Court to fashion a provisional remedy consistent with the opinion. Concur—Catterson, Moskowitz and DeGrasse, JJ.

Tom, J.P., dissents in a memorandum as follows: I do not share the majority's view that plaintiff established grounds for preliminary relief or that Supreme Court thereby abused its discretion in denying plaintiff's application for a preliminary injunction. Plaintiff has not made the requisite showing of entitlement to a provisional remedy. The primary evidence of the noise level emanating from defendant's establishment allegedly creating the nuisance was based on the affidavit of plaintiff's acoustical expert. The methodology of the expert in measuring the sound level was questionable and not in compliance with standards approved by the Commissioner of Environmental Protection (Administrative Code of City of NY §§ 24-204, 24-206 [b]). The expert failed to address these concerns at the hearing on May 26, 2009. Further, plaintiff failed to explain why it lacks an effective administrative remedy and, particularly, why it failed to take any steps in pursuit of available legal redress for an "unreasonably loud and disturbing" noise condition that continued over an extensive period of time. Nor has plaintiff offered any excuse for its delay in seeking injunctive relief for nearly a year after the condition complained of arose, in contradiction of its claim that immediate relief is required.

Accordingly, I would deny the application for preliminary injunctive relief. **[Prior Case History: 2009 NY Slip Op 31739(U).]**