Montgomery v 215 Chrystie LLC (2022 NY Slip Op 05955)

Montgomery v 215 Chrystie LLC

2022 NY Slip Op 05955

Decided on October 25, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 25, 2022

Before: Webber, J.P., Singh, Moulton, González, Pitt, JJ. 

Index No. 158146/20 Appeal No. 16529 Case No. 2022-02049 

[*1]Catherine Montgomery, Plaintiff-Appellant,
v
215 Chrystie LLC, et al., Defendants-Respondents.

Lambert & Shackman, PLLC, New York (Thomas C. Lambert of counsel), for appellant.
Meister Seelig & Fein LLP, New York (Remy J. Stocks of counsel), for respondents.

Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about May 13, 2022, which denied plaintiff's motion for a preliminary injunction, unanimously affirmed, without costs.
Plaintiff's motion to enjoin the condominium's hotel from operating its entertainment spaces at what she alleges are "unreasonable noise levels" was properly denied. The harm to plaintiff in maintaining the status quo while awaiting trial on her claims is compensable by measurable money damages and therefore not irreparable (see Louis Lasky Mem. Med. & Dental Ctr. LLC v 63 W. 38th LLC, 84 AD3d 528 [1st Dept 2011]; see also Montgomery v 215 Chrystie LLC, 201 AD3d 503 [1st Dept 2022], lv dismissed, 38 NY3d 1125 [2022]). Nor has plaintiff shown that the equities balance in her favor in that she purchased a unit in a condominium where one of the other units was a hotel, operating directly below her and where she was aware from the offering plan that entertainment spaces would be present in the hotel (cf. 61 W. 62 Owners Corp. v CGM EMP LLC, 86 AD3d 403, 404 [1st Dept 2011] [finding a preliminary injunction should issue in a case where the club at the center of the noise complaints began operations after the plaintiffs were already owner tenants and its rooftop bar violated plans filed with the Department of Buildings]). Plaintiff's arguments concerning the building's machine room are not before this Court, as an injunction was not sought on that basis in the motion below. Moreover, the issue was decided in a prior order, subsequently affirmed by this Court (see Montgomery, 201 AD3d at 503). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 25, 2022